# United States Court of Appeals
# for the Second Circuit

_____

August Term 2024

Argued: March 19, 2025
Decided: July 1, 2025

Nos. 24-425 (Lead), No. 24-454 (Con)

_____

D. JOSEPH KURTZ, Individually and on Behalf of All Others Similarly Situated,
GLADYS HONIGMAN,

*Plaintiffs-Appellees,*

THEODORE H. FRANK,

*Objector-Appellant,*

v.

KIMBERLY-CLARK CORPORATION,

*Defendant-Appellee.*[*]

_____

On Appeal from the United States District Court
for the Eastern District of New York

_____

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

Before:        CALABRESI, CARNEY, and KAHN, *Circuit Judges*.

Objector-Appellant Theodore H. Frank appeals from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*) approving a class action settlement regarding flushable wipes. Plaintiffs-Appellees alleged that Defendant-Appellee had falsely advertised their bathroom wipes as flushable. The parties reached a settlement agreement in which Defendant agreed to pay up to $20 million in compensation to the class, and separately, to pay attorney's fees of up to $4 million. Ultimately, class members claimed a little under $1 million. The district court approved the settlement under Rule 23(e) of the Federal Rules of Civil Procedure. Frank now appeals the approval, arguing that the settlement was unfair under Rule 23(e) because it disproportionately benefitted class counsel, allocating most of the actual monetary recovery to them. We agree with Frank that the district court applied the wrong legal standard in its Rule 23(e) analysis when it failed to assess the allocation of recovery between the class and class counsel. We decline, however, to reach the issue whether the settlement here is fair. Accordingly, we VACATE the district court's order and judgment approving the settlement and REMAND for further proceedings consistent with this opinion.

———————————————————————

DOUGLAS WILENS (Samuel H. Rudman, Vincent M. Serra, Francis P. Karam, *on the brief*), Robbins Geller Rudman & Dowd LLP, Melville, New York & Boca Raton, Florida *for Plaintiff-Appellees.*

ANNA ST. JOHN, Center for Class Action Fairness, Washington, DC, *for Objector-Appellant.*

THEODORE J. BOUTROUS, JR. (Patrick Reischl, Timothy W. Loose, Daniel R. Adler, Patrick J. Fuster, *on the brief*), Gibson, Dunn & Crutcher, Palo Alto, California & Los Angeles, California; Kara L. McCall, Eamon P. Joyce, Sidley Austin LLP, Chicago, Illinois & New York, New York *for Defendant-Appellee.*

———————————————————————

CALABRESI, *Circuit Judge*:

Rule 23(e) of the Federal Rules of Civil Procedure states that a class action settlement can be approved only after a district court has determined the settlement to be fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). In 2018, Congress amended Rule 23(e) to enumerate a list of factors a court must consider when assessing settlement fairness. Among other things, courts are now required to examine the adequacy of class relief, "taking into account . . . the terms of any proposed award of attorney's fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(C)(iii). Today, we clarify that this tandem analysis of class relief and attorney's fees requires courts to compare the proportion of total recovery allocated to the class to the proportion of total recovery allocated to class counsel.

In this case, because the district court did not adequately consider the allocation of recovery between attorney's fees and class compensation in its Rule 23(e) discussion, we VACATE the order and judgment approving the settlement and REMAND for proceedings consistent with this opinion. In doing so, however,

we do not reach the question whether the settlement in this case was necessarily improper.

**BACKGROUND**

Plaintiffs Gladys Honigman and D. Joseph Kurtz brought two separate class action lawsuits against Defendant Kimberly-Clark Corporation, each alleging that Defendant had falsely advertised their moist bathroom wipes as "flushable." According to Plaintiffs, this led purchasers to pay an unjustified price premium for the product and to flush the wipes, causing plumbing damage. After years of litigation, Plaintiffs, on behalf of themselves and all class members, entered into a shared Settlement Agreement ("Agreement") with Defendant in 2022.

Under the Agreement, Defendant agreed to pay up to $20 million in compensation to the class, defined as "all individuals over the age of 18 who purchased the [wipes] not for the purpose of resale" between 2008 and 2022. App'x 355, 356. Class members could claim as much as $50.60 with proof of purchase and as much as $7.00 without a receipt.[1] In exchange, the class would release Defendant from all liability to class members stemming from the wipes

---

[1] Claim members could claim $1.10 per package of wipes with proof of receipt for a maximum of 46 packages, up to $50.60 total, or $0.70 per package without proof of purchase for a maximum of 10 packages, for $7.00 total.

aside from any personal injury claims. Defendant also agreed to pay up to $4.1 million in attorney's fees and expenses, separate from the $20 million set aside for possible class recovery.

The district court granted preliminary approval, and the class was given notice of the settlement. Plaintiffs then moved for final approval of the settlement and applied for attorney's fees of roughly $3.9 million. By the claim filing deadline, class members had claimed only about $1 million. This meant that Defendant would keep the $19 million unclaimed funds remaining. Theodore Frank, a class member, objected to the Agreement. He argued that this settlement was unfair to the class and thus could not be approved under Rule 23(e).

After two fairness hearings, the district court approved the class settlement and scheduled a separate hearing on attorney's fees. Just before the fee hearing, this Court issued *Moses v. New York Times Co.*, a decision interpreting the 2018 revisions to Rule 23(e). 79 F.4th 235 (2d Cir. 2023). In light of this new precedent, the district court revisited its settlement approval during its hearing on attorney's fees. Following the hearing, the district court approved the settlement again. *Kurtz v. Kimberly-Clark Corp.*, 2024 WL 184375, at *18 (E.D.N.Y. Jan. 17, 2024).

In the new approval order, the district court acknowledged *Moses* and its holding that courts must now consider "the adequacy of relief provided to a class" when assessing a settlement agreement's fairness. *Id*. at *3. It found that *Moses* required that "such evaluation . . . be conducted in tandem with reviewing the appropriateness of the proposed attorneys' fees." *Id*. The district court also noted that under *Moses*, the new Rule 23(e) factors did not displace the traditional factors this Court articulated in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

Ultimately, the district court found that the settlement was fair under Rule 23(e)(2), *Moses*, and the *Grinnell* factors. As directed by *Moses*, the court first considered the enumerated factors listed under Rule 23(e)(2), including whether attorney's fees "affect[ed] the Class's recovery." *Kurtz*, 2024 WL 184375, at *8. As to that specific prong, the court focused on the fact that attorney's fees would be paid separately from the funds set aside for class compensation. The court drew a contrast between this settlement and the one in *Moses*: whereas the *Moses* settlement used a single fund to supply both attorney's fees and class recovery, creating an "inverse correlation" between class recovery and attorney payout, the separate funds in this case posed no such risk. *Id*. at *8 (quoting *Moses*, 79 F.4th at

246). The district court concluded that "[b]ecause the attorneys' fee award will not affect the Class's recovery . . . this aspect of the Settlement adequately protects the Class's interest." *Id.* After considering the remaining Rule 23(e)(2) factors and the *Grinnell* factors, the court approved the settlement.

It then proceeded to consider class counsel's motion for attorney's fees, and awarded counsel approximately $3.1 million, a reduction from the $3.9 million that had been requested. *Id*. at *17.[2] This portion of the court's decision, in which it calculated the attorney's fees under Rule 23(h), is not before us on appeal.

This appeal by Frank followed.

**DISCUSSION**

Frank argues that the Settlement Agreement is unfair under Rule 23(e) because it grants a disproportionate share of the total recovery to class counsel: over $3 million to counsel compared to the $1 million actually recovered by the class. For that reason, Frank asks that we reverse the district court's order and judgment approving the settlement.

We review a district court's settlement approval for abuse of discretion. *Moses*, 79 F.4th at 241–42. We review *de novo*, however, "any issues of law

---

[2] The court also awarded class counsel litigation expenses and charges in the requested amount of $138,331.23. *Kurtz*, 2024 WL 184375, at *18.

underlying the Rule 23 ruling, including the question of whether the district court applied the correct [legal standard to the approval of the settlement]." *Id.* at 242 (quoting *Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 201 (2d Cir. 2008) (alteration in original)).

For the reasons we explain below, regardless of whether a settlement is structured as two separate funds, Rule 23(e) requires courts to consider the allocation of recovery between class counsel and the class before approving a settlement. Because the district court did not do so here, it applied the wrong legal standard. Accordingly, we vacate the district court's order and judgment approving the settlement and remand for the district court to evaluate the settlement under our clarified standard. We explicitly decline, however, Frank's invitation to go further and reject the settlement. Oral Argument Tr. at 2:19–24.

## I.    Rule 23(e), the 2018 Amendments, and *Moses*

Unlike most settlements, class action settlements require court approval. This is an unusually intrusive role for a court, but one that is imposed "because the parties that are present and settling the case—class counsel, the class representatives, and the defendants—are proposing to compromise the rights of absent class members."   4 Newberg and Rubenstein on Class Actions § 13:40.

Absent class members can certainly stand to benefit from the class actions waged in their name, but they also are at risk of being unfairly treated as a result of the payout to others. For this reason, courts must act as a "protector of the rights of the class," scrutinizing class action settlements to ensure that absent class members and their claims are not shortchanged or undercut. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 216, 222 (2d Cir. 1987).

Rule 23(e) codifies these judicial duties. Under Rule 23(e)(2), "[a] district court may approve a settlement proposal that binds class members only 'after a hearing and on finding that it is fair, reasonable, and adequate.'" *Moses*, 79 F.4th at 242 (quoting Fed. R. Civ. P. 23(e)(2)). Before 2018, Rule 23(e) left open how courts evaluated the fairness of settlements. In the absence of explicit statutory prescriptions, our Circuit developed a set of factors to assess whether a settlement was fair, reasonable, and adequate. These are widely known as the *Grinnell* factors. *Grinnell*, 495 F.2d at 463.

Then, in 2018, Congress revised Rule 23 to list four factors that courts must consider in deciding whether to approve a settlement ("the 2018 Amendments"). Under the 2018 Amendments, courts must examine whether:

> (A) the class representatives and class counsel have adequately represented the class;

9

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

   (i) the costs, risks, and delay of trial and appeal;

   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

   (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

In 2023, our Court held that the 2018 Amendments abrogated the presumption of fairness we previously applied to those class action settlements that were negotiated at arm's length. *Moses*, 79 F.4th at 243. In addition, we stated that although the Amendments did not displace the traditional *Grinnell* factors, "the rule now mandates courts to evaluate factors that may not have been highlighted in our prior case law." *Id.*

One such new factor is the consideration of attorney's fees: the 2018 Amendments now require courts evaluating settlement fairness to consider the adequacy of class relief while "taking into account . . . the terms of any proposed award of attorney's fees." Fed. R. Civ. P. 23(e)(2)(C)(iii). No analogous factor existed under *Grinnell*.

*Moses* explained that such review of attorney's fees was intended to "prevent[] unscrupulous counsel from quickly settling a class's claims to cut a check." *Moses*, 79 F.4th at 244 (quoting *Fresno Cnty. Emps.' Ret. Ass'n v. Isaacson/Weaver Fam. Tr.*, 925 F.3d 63, 72 (2d Cir. 2019)). A "symbiotic review of proposed relief and attorneys' fees" helps achieve that purpose. *Id.* "Thus, when reviewing the substantive fairness of a proposed settlement, 'the district court is required to review both the terms of the settlement and any fee award encompassed in a settlement agreement' in tandem." *Id.* (quoting *Fresno Cnty.*, 925 F.3d at 72).

**II.     Fees and class relief under the revised Rule 23(e)**

Frank and Appellees offer two contrasting interpretations of Rule 23(e)'s directive for courts to "tak[e] into account" attorney's fees when evaluating the adequacy of class relief. Fed. R. Civ. P. 23(e)(2)(C). Appellees argue that Rule 23(e) requires no more than what the district court did here: noting that fees and class recovery are paid out of separate funds and concluding that the former thus did not impact the latter. Conversely, Frank argues that Rule 23(e) requires courts to examine how recovery is apportioned between class members and class counsel,

regardless of whether the parties use a separate fund structure in their settlement agreement. We agree with Frank's reading.

The plain text of the Rule asks courts analyzing settlement fairness to consider whether "the relief provided for the class is adequate, taking into account . . . the terms of any proposed award of attorney's fees." Fed. R. Civ. P. 23(e)(2)(C)(iii). This phrasing presumes that an award of attorney's fees can impact the amount of monetary relief provided to the class. It does so for good reason. One of the major risks of class action settlements is that class counsel may undervalue the class's claims in exchange for a higher attorney's fee, or in order to collect a fee more quickly. "[T]he court's role as fiduciary is primarily to ensure that the class's own agents—its class representatives and class counsel—have not sold out its interests in settling the case." 4 Newberg and Rubenstein on Class Actions § 13:40. Successful class counsel should certainly be compensated. But the share of recovery that class counsel takes as compensation sheds light on how much is left for the class—or how much was negotiated for the class in the first place. Keeping this dynamic in mind, we conclude that Rule 23(e) directs courts to compare the proportion of the total recovery going to attorney's fees with the

proportion going to the class, and to consider whether that comparison reveals a sufficient imbalance as to cast doubt on the settlement's fairness.

This reading follows squarely from *Moses*, which emphasized that the review of fees and class relief is "symbiotic," and that fees and class recovery must be reviewed "in tandem." 79 F.4th at 244. Our holding today goes somewhat, though only slightly, further and clarifies that such symbiotic review entails directly comparing the allocation of the total recovery between the class and class counsel. In so holding, we join the Ninth Circuit.[3] *See Briseño v. Henderson*, 998 F.3d 1014, 1024 (9th Cir. 2021) ("[T]he new Rule 23(e) makes clear that courts must balance the 'proposed award of attorney's fees' vis-à-vis the 'relief provided for the class' in determining whether the settlement is 'adequate' for class members." (quoting Fed. R. Civ. P. 23(e)(2)(C))).

Naturally, finding that Rule 23(e) requires a proportionality analysis comparing fees and class recovery raises the question: fees in proportion to exactly

---

[3] The Eleventh Circuit similarly applied this interpretation of Rule 23(e)(2) when it compared class relief to attorney's fees and vacated a settlement approval for "benefit[ting] Class Counsel at the expense of absent Class Members." *Drazen v. Pinto*, 106 F.4th 1302, 1332 (11th Cir. 2024) (per curiam); *see also Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1261 (11th Cir. 2023) (stating in *dicta* that Rule 23(e) requires a district court to consider "whether the proposed attorneys' fees are disproportionately large compared to the amount of relief reasonably expected to be provided to the class"). And other circuits prior to the 2018 Amendments have applied similar proportionality analyses in evaluating the fairness of a settlement. *E.g.*, *In re Dry Max Pampers Litig.*, 724 F.3d 713, 721 (6th Cir. 2013); *Pearson v. NBTY, Inc.*, 772 F.3d 778, 781 (7th Cir. 2014).

what "class recovery"? In claims-based class actions, parties frequently identify as the benchmark for the proportionality analysis one of two figures: a hypothetical maximum recovery to the class (the upper-limit amount a defendant agrees to pay to class members), and the actual class recovery (the amount ultimately paid out to class members). Another possible benchmark is the predicted class recovery, which parties will sometimes offer in place of an actual class recovery, usually because the court is evaluating the settlement before class members have finished filing claims. Here, the parties dispute whether the fees should be compared to the actual class recovery, which was a little under $1 million, or the hypothetical maximum class recovery, which was $20 million.

We hold today that which of these is the most appropriate benchmark to use in any specific settlement is the kind of fact-bound question that is best left to the district court's discretion. Different settlement structures, different rates of actual recovery by the class, and different treatments of unclaimed funds all might lead a district court to conclude that comparison to the actual, to the hypothetical, or to some predicted class recovery is most suitable. For example, at one extreme, unduly complicated claim procedures combined with abysmal claim rates would weigh in favor of using actual class recovery as the comparator. On the other

14

hand, if a settlement is structured so that unclaimed funds did not revert to the defendant, then it might make more sense to compare fees to the hypothetical maximum class recovery, even if class members do not in fact recover much of the money. So long as the proportion of the total recovery that goes to attorney's fees is compared to the proportion of "relief provided for the class," whether that be the actual, hypothetical, or predicted class recovery, Rule 23(e)(2)(C)(iii) is satisfied. Fed. R. Civ. P. 23(e)(2)(C).

### III. The instant case

Here, the district court erred when it applied Rule 23(e) without considering the allocation of recovery between the class and class counsel. In discussing the impact of fees on class relief, the district court focused on a single feature of the settlement: the segregation of the fee funds from the class recovery funds.[4] *Kurtz*, 2024 WL 184375, at *8. Because the two are separately funded (albeit both derived from the Defendant's treasury), the court reasoned, the size of the fee award cannot impact class relief. *Id*.

---

[4] The court also briefly discussed the timing of payment for the fees in this case and found that it had a neutral effect, neither contributing to nor detracting from the settlement's fairness. *Kurtz*, 2024 WL 184375, at *8.

But Rule 23(e)(2)(C)(iii) does not distinguish between settlements that use segregated funds and those that do not. In any case, formal segregation tells us little of the practical reality of the settlement negotiations. Attorney's fees and class recovery are inevitably intertwined: parties often negotiate the two simultaneously, and defendants, who pay both fees and class recovery, must be expected to think of the two payments in tandem as they negotiate. A defendant's willingness to pay a high or low fee will be impacted by what it anticipates paying out to the class and vice versa. *See* 4 Newberg and Rubenstein on Class Actions § 13:54. For this reason, other courts have ruled—as we do today—that "class recovery and the agreement on attorneys' fees should be viewed as a 'package deal'" even when the two are structurally segregated. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948–49 (9th Cir. 2011) (quoting *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996)). Although a defendant's separate funds for attorney's fees and class recovery may be a relevant consideration in assessing a settlement's fairness, it is not a replacement for the proportionality analysis required by Rule 23(e)(2)(C)(iii).

In a similar vein, Defendant contends that the court's Rule 23(h) analysis sufficiently examined the allocation of recovery between the class and class

counsel, and no further analysis was needed under Rule 23(e). This argument is also unpersuasive. Rule 23(h) permits courts to award "reasonable attorney's fees." Fed. R. Civ. P. 23(h). And in our circuit, the analysis that supports such an award can include evaluating the ratio of attorney's fees to total recovery. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) ("[D]istrict courts should continue to be guided by the traditional criteria in determining a reasonable common fund fee, including . . . [consideration of] the requested fee in relation to the settlement." (internal quotation marks omitted)). Indeed, the district court here, in its Rule 23(h) analysis, rejected class counsel's initial request for $3.9 million in attorney's fees as "unreasonable under the circumstances," explaining that this requested award would be "approximately 77.5% of the Settlement's total value." *Kurtz*, 2024 WL 184375, at *12.[5] But Rule 23(h) and Rule 23(e) are distinct rules with distinct purposes, and analyses conducted under one cannot suffice to satisfy the other.

---

[5] The district court's use of "total value" here, in its Rule 23(h) analysis, refers to the sum of the actual recovery to class members of a little under $1 million, attorney's fees of $3.9 million, $138,331.23 in litigation expenses, and $15,000 in incentive awards to the named plaintiffs. *Kurtz*, 2024 WL 184375, at *12. Our Rule 23(e)(2)(C)(iii) analysis uses a narrower definition of "total recovery," comprised of just "the relief provided for the class" (actual or hypothetical) and "attorney's fees." Fed. R. Civ. P. 23(e)(2)(C)(iii). Rule 23(e)(2) contains a separate provision that accounts for how settlement fairness is impacted by incentive awards, *see* Fed. R. Civ. P. 23(e)(2)(D), so it need not factor into this comparison of class recovery and attorney's fees.

Certainly, both rules ask courts to weigh class recovery against attorney's fees. But the focus of each inquiry is different. Whereas Rule 23(h) asks whether fees are reasonably calculated and genuinely earned—using class recovery as a measuring stick for *attorney success*—Rule 23(e) safeguards the fairness of a settlement for the class by posing a comparative inquiry: does the proportion of the total recovery allocated to attorney's fees compared to the proportion of the total recovery allocated to the class raise any questions about the *adequacy of class relief*? The two examinations may overlap, but Rule 23(e) requires its own separate analysis of fees in relation to class relief, regardless of how the court conducts its Rule 23(h) inquiry.

Because the district court did not consider the allocation of recovery between class counsel and the class in assessing settlement fairness, as required by Rule 23(e), we vacate and remand for the district court to conduct this analysis in the first instance.

To be clear: we offer no opinion as to whether the settlement in this instant case is fair under Rule 23(e) or not. That decision remains within the district court's discretion, and we explicitly leave open the possibility that after applying Rule 23(e) and comparing the allocation of attorney's fees to class recovery, the

district court may again conclude that this settlement is fair and approve it. After all, the impact of attorney's fees on class relief is just one of multiple factors detailed in Rule 23(e). Our holding today that a court must consider this factor does not render it singularly dispositive. Alongside providing a class with compensation, class action lawsuits fulfill significant deterrence functions in service of the public. When properly earned, substantial payments to attorneys can help serve that function. As a result, even settlements that grant a substantial proportion of monetary recovery to class counsel may ultimately be fair upon consideration of all the requisite factors.[6]

## CONCLUSION

For the foregoing reasons, we **VACATE** the order and judgment of the District Court and **REMAND** for further proceedings consistent with this decision.

---

[6] Because we vacate the district court's order and judgment on this ground, we decline to reach Frank's remaining arguments.